IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM C. GUNTER, ) | |
| ) | 4:05cv3223 |
| Petitioner, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| ROBERT HOUSTON, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on filing no. 8, the respondent's Motion for Summary Judgment.[1] In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), William C. Gunter alleges violations of his constitutional rights in connection with his conviction and sentence in the District Court of Douglas County, Nebraska, of first degree sexual assault on a child. See State v. Gunter, 2005 WL 873426 (Neb. App. Apr. 12, 2005), *review overruled* (May 16, 2005), *review overruled* (July 26, 2005), affirming denial of postconviction relief. In filing no. 8, the respondent asserts that the § 2254 petition is barred as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs whether a § 2254 petition is timely. The AEDPA imposed a one-year statute of limitations on federal habeas petitions filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1]Also before the court are filing nos. 18 and 19, the petitioner's Motions to Compel copies of the requests he submitted to the state court and corrections officials in his efforts to obtain access to the Bill of Exceptions in his case so as to file for postconviction review.

1

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).

28 U.S.C. § 2244(d)(2) tolls the one-year limitations period while a habeas petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). However, the AEDPA statute of limitations does not begin to run anew when a state court enters judgment denying postconviction relief, and such a judgment will not suspend, reset or toll the statute of limitations or "cure" a time-barred § 2254 petition. Painter v. Iowa, 247 F.3d

1255, 1256 (8th Cir. 2001).

After his sentence on September 7, 2001, the petitioner's direct appeals ended on May 6, 2002. Thereafter, giving the petitioner the benefit of every doubt,[2] he had 90 days to seek a writ of certiorari in the United States Supreme Court. Thus, the petitioner's judgment of conviction became final, for purposes of the AEDPA statute of limitations, 90 days after May 6, 2002, when the period expired in which he could have applied for a writ of certiorari. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001). Accordingly, for purposes of 28 U.S.C. § 2244(d)(1)(A) of the AEDPA statute of limitations, the petitioner's judgment of conviction became final not later than August 6, 2002, and the AEDPA statute of limitations began to run on August 7, 2002. The limitations period expired on or about August 7, 2003.

The petitioner did not file a postconviction action until September 3, 2003. Therefore, by the time the petitioner filed his postconviction action, the AEDPA statute of limitations had already expired, and there was no federal statute of limitations left to toll. As in this case, a petitioner who fails to seek collateral review in the state courts within 12 months after "the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), risks expiration of the AEDPA statute of limitations before exhaustion of state judicial remedies has concluded. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).

---

[2]On direct appeal, the petitioner did not move for further review in the Nebraska Supreme Court. However, further review is discretionary, and the respondent has not alleged that, or cited any authority for the principle that, the petitioner was thereby foreclosed from seeking a writ of certiorari in the United States Supreme Court from the decision by the Nebraska Court of Appeals.

Postconviction proceedings subsequently ended on July 26, 2005. Then the petitioner filed his § 2254 petition in this court on September 6, 2005. Because the petition is dated August 24, 2005, and the envelope is stamped September 3, 2005, it is likely that the petitioner deposited his § 2254 petition in the prison mail system substantially before the filing date, and the court would give him the benefit of the earlier date if it would make a difference. Unfortunately, however, the statute of limitations had already expired in 2003.

### State-Created Impediment and Equitable Tolling

The petitioner points to his delayed access to state-court records and his diligent efforts to examine the Bill of Exceptions in his case so as to file for postconviction review in time to toll the AEDPA statute of limitations (see filing nos. 18 and 19). The petitioner contends that his diligence and the state's obstruction of his efforts to obtain access to his Bill of Exceptions should entitle him to an extension of the AEDPA's limitations period pursuant to either 28 U.S.C. §2244(d)(1)(B) or the principles of equitable tolling. The petitioner emphasizes that during the period after his direct appeal, he was on psychotropic medication, and he needed access to his state-court records to obtain help pursuing collateral relief in the state courts.

28 U.S.C. § 2244(d)(1)(B) postpones the commencement of the AEDPA limitations period during the time a state-created unconstitutional "impediment" prevents a petitioner from filing a habeas petition. Section 2244(d)(1)(B) allows a habeas petition to be filed in federal court within one year from "the date on which the impediment to filing an application created by State action *in violation of the Constitution or laws of the United States* is removed, if the applicant was prevented from filing by such State action." (Emphasis added.)

4

In addition, because the one-year time limit in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. Gassler v. Bruton, 255 F.3d 492 , 495 (8th Cir. 2001). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time .... Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction ...." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). However, "equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

The petitioner does not point to any *unconstitutional* impediment created by the state which prevented him from filing a § 2254 petition within the limitations period. The petitioner's lack of access to state-court records did not constitute an unconstitutional impediment sufficient to toll the statute of limitations. Such a lack of access has been rejected by the Eighth Circuit Court of Appeals as a basis for extending the AEDPA statute of limitations or applying equitable tolling. See, e.g., Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (lack of access to a trial transcript does not preclude a petitioner from commencing postconviction proceedings and therefore does not extend the limitations period or warrant equitable tolling). See also United States v. MacCollom, 426 U.S. 317, 323-24 (1976) (There is no constitutional right to a trial transcript for collateral proceedings.).

In Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001), the Eighth Circuit specifically rejected a plea for equitable tolling asserted on similar grounds of lack of access to state-court records, stating:

5

> Likewise, lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling .... In sum, Jihad is not entitled to equitable tolling. His pre-filing efforts dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period. These were not extraordinary circumstances beyond Jihad's control, and the State did nothing to prevent him from taking more timely action.

Id. at 806-07.

Further, an inmate's lack of notice concerning the AEDPA statute of limitations does not constitute an "impediment" within the meaning of 28 U.S.C. § 2244(d)(1)(B) and does not warrant equitable tolling of the statute of limitations. See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). See also Baker v. Norris, 321 F.3d 769, 772 (8th Cir.), cert. denied, 539 U.S. 918 (2003); Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). Those decisions rest on the principle, among others, that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." Marsh, 223 F.3d at 1220; Felder, 204 F.3d at 172. See also Baker v. Norris, 321 F.3d at 772: "Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." Thus, the petitioner's delay amounts to no more than excusable neglect.

In the absence of unconstitutional conduct by the state for purposes of 28 U.S.C. § 2244(d)(1)(B), and in the absence of extraordinary circumstances to justify equitable tolling, I am not free to ignore the statute of limitations. In this matter, I am bound by the decisions of higher courts. See, e.g., Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting* Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied, 537 U.S.

6

1236 (2003): "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."

### Order to Show Cause - Medication

Although the petitioner's asserted basis for equitable tolling, i.e., lack of access to his state-court record, does not furnish a foundation for tolling the AEDPA statute of limitations, the petitioner does refer in passing to a period in which he was on psychotropic medication. If the petitioner believes his mental condition within the limitations period rendered him incapacitated and unable to prepare and file legal documents, he may file an Amendment to his § 2254 petition explicitly setting forth that claim and providing details. If the court considers the showing adequate, a schedule may be established for the production of medical, psychiatric or psychological records to support or refute any such claim of mental incapacity. Thus, if the petitioner relies on mental incompetence or incapacity as a basis for equitable tolling, he shall file an appropriate pleading by no later than May 26, 2006.

THEREFORE, IT IS ORDERED:

1. That filing no. 8, the respondent's Motion for Summary Judgment, is taken under advisement until after May 26, 2006, pending further information from the petitioner regarding the issue of equitable tolling;

2. That if the petitioner relies on mental incompetence or incapacity as a basis for equitable tolling, he shall file an appropriate pleading by no later than May 26, 2006;

3. That in the absence of such a pleading, the court will proceed to disposition of the respondent's Motion for Summary Judgment; and

4. That filing nos. 18 and 19, the petitioner's Motions to compel production of copies of the requests he submitted for his Bill of Exceptions, are denied.

DATED this 24th day of April, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge