IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM C. GUNTER, | ) | |
| | ) | 4:05CV3223 |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on (1) filing no. 8, the respondent's Motion for Summary Judgment; (2) filing no. 22, the petitioner's Objection to filing no. 21, my Memorandum and Order of April 24, 2006 (received by the petitioner on May 1, 2006); and filing no. 24, the petitioner's Brief in Support of Reconsideration of Request for Equitable Tolling.  In connection with filing no. 8, the respondent has established that the petitioner, William C. Gunter, filed his Petition for Writ of Habeas Corpus ("§ 2254 petition") in this case after expiration of the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244(d).  In filing nos. 22 and 24, the petitioner reiterates earlier arguments that the State's repeated delays in granting him access to state-court records and his own diligent but unsuccessful efforts to examine his Bill of Exceptions so as to file for postconviction review should provide grounds for equitable tolling of the AEDPA statute of limitations.

    However, for the reasons stated in my Memorandum and Order of April 24, 2006, the basis on which the petitioner seeks equitable tolling of 28 U.S.C. § 2244(d) must be denied.  The petitioner does not point to an *unconstitutional* impediment created by the State  or an *extraordinary* circumstance which prevented him from filing a § 2254 petition within the limitations period.   The petitioner's lack of access to state-court records did not

constitute an unconstitutional impediment or extraordinary circumstance sufficient to toll the statute of limitations. Such a lack of access has been rejected by the Eighth Circuit Court of Appeals as a basis for extending the AEDPA statute of limitations or applying equitable tolling. See, e.g., Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (lack of access to a trial transcript does not preclude a petitioner from commencing postconviction proceedings and therefore does not extend the limitations period or warrant equitable tolling). See also United States v. MacCollom, 426 U.S. 317, 323-24 (1976) (there is no constitutional right to a trial transcript for collateral proceedings). Accord Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001):

> [L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling .... In sum, Jihad is not entitled to equitable tolling. His pre-filing efforts dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period. These were not extraordinary circumstances beyond Jihad's control, and the State did nothing to prevent him from taking more timely action.

Id. at 806-07. Similarly, lack of notice concerning the AEDPA statute of limitations does not constitute an "impediment" within the meaning of 28 U.S.C. § 2244(d)(1)(B) and does not warrant equitable tolling of the statute of limitations. See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). See also Baker v. Norris, 321 F.3d 769, 772 (8th Cir.), cert. denied, 539 U.S. 918 (2003); Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

Therefore, filing no. 8, the respondent's Motion for Summary Judgment is granted, and filing nos. 22 and 24 are denied insofar as the respondent has established the untimeliness of the § 2254 petition, and the petitioner has not demonstrated an entitlement to equitable tolling. However, there remains one issue in the case at this time.

In my Memorandum and Order of April 24, 2006, I stated that:

[A]lthough the petitioner's asserted basis for equitable tolling, i.e., lack of access to his state-court record, does not furnish a foundation for tolling the AEDPA statute of limitations, the petitioner does refer in passing to a period in which he was on psychotropic medication. If the petitioner believes his mental condition within the limitations period rendered him incapacitated and unable to prepare and file legal documents, he may file an Amendment to his § 2254 petition explicitly setting forth that claim and providing details. If the court considers the showing adequate, a schedule may be established for the production of medical, psychiatric or psychological records to support or refute any such claim of mental incapacity. Thus, if the petitioner relies on mental incompetence or incapacity as a basis for equitable tolling, he shall file an appropriate pleading by no later than May 26, 2006.

In filing no. 24, the petitioner states, among other matters on which the court has now ruled against him, that "he does want to have his medical records brought up to show that his mental capacity was so diminished from the effects of psychotropic medications he was taking during those times where he was entering his plea, and also during those times when his motion for postconviction relief was being drafted for him, until he did not have the mental wherewithal to memorize or recall the legal substance or import of the proceedings conducted in connection with his plea and the decisions he purportedly made to facilitate those legal procedures."

The petitioner misunderstands the nature of the narrow remaining inquiry at this stage of the case. His plea is not at issue. The only matter before the court at this time is whether the petitioner's psychotropic medication so affected his mental capacity as to prevent him from filing either a postconviction action or a § 2254 petition between August 7, 2002 and August 7, 2003.[1]

---

[1] As I stated in my Memorandum and Order of April 24, 2006, the petitioner's judgment of conviction became final, for purposes of the AEDPA statute of limitations, not later than August 6, 2002, and the AEDPA statute of limitations began to run on August 7, 2002. The limitations period expired on or about August 7, 2003. The petitioner did not file a postconviction action until September 3, 2003. Therefore, by the time the petitioner

3

Mere allegations of incompetency do not suffice to warrant equitable tolling of the limitations period. At a minimum, the petitioner must provide sworn statements, under penalty of perjury, describing details of his condition including the nature and duration of his impairments, the medication he ingested, and the effects of his condition and medication on his ability to perform the functions necessary to file a timely postconviction or habeas action. For example, if a particular medication caused lethargy, there is a wide spectrum between mere drowsiness, which would not have prevented the filing of a timely legal action, and some sort of debilitating hypnotic trance, which might have prevented such action. The petitioner bears the responsibility of affirmatively demonstrating the subjective effects of his medications. He may not simply deposit his medical records with the court. While medical reports may be relevant to the issue, and even an evidentiary hearing may ultimately be required, the petitioner bears the responsibility of making a persuasive showing that his medical condition rendered him incompetent or prevented him from timely filing a legal action during the relevant period. In other words, he must affirmatively establish a causal connection between his alleged mental incapacity as a result of medications and his ability to file a timely petition.

THEREFORE, IT IS ORDERED:

1. That filing no. 8, the respondent's Motion for Summary Judgment, is granted, and filing no. 22, the petitioner's Objection to filing no. 21, is denied, both insofar as the respondent has established the untimeliness of the § 2254 petition, and the petitioner has not demonstrated an entitlement to equitable tolling; however, one issue remains for further consideration;

---

filed his postconviction action, the AEDPA statute of limitations had already expired, and there was no federal statute of limitations left to toll.

2. That filing no. 24 is granted in part in that the remaining issue before the court at this time is whether the petitioner's psychotropic medication so affected his mental capacity between August 7, 2002 and August 7, 2003, as to prevent him from filing either a postconviction action or a § 2254 petition between those dates; and filing no. 24 is otherwise denied;

3. That the petitioner is authorized to engage in discovery of his mental health records for the period of August 7, 2002 to August 7, 2003, utilizing Rules 6 (discovery) and 7 (expanding the record) of the Rules Governing § 2254 Cases, as amended Dec. 1, 2004; subject to any specific concerns brought before the court by motion of the respondent;

4. That the petitioner shall have ninety (90) days from the date of this order to file a detailed pleading or brief on the issue of equitable tolling for the period of August 7, 2002 to August 7, 2003 based on the effects of the psychotropic medication he was taking during that period; and

5. That in the absence of a timely filing by the petitioner within ninety (90) days after the date of this order, the court will assume that the petitioner has abandoned the issue of psychotropic medication as a possible basis for equitable tolling, and the court will enter judgment on the basis of the statute of limitations.

DATED this 19th day of June, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge